[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR FINDING OF NEGLECT AND TERMINATION OF PARENTAL RIGHTS
The petition in this case is dated April 25, 2000. The petition alleges that Ashante W is a minor child born to Tracey Denise W. and Larry D. The petition was originally filed as to both parents, and by amendment was modified to allege facts relevant only to the mother. Those allegations, in part, are that the mother is unable or unwilling to benefit from reunification efforts, that the child has been abandoned, that the mother has failed or is unwilling to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time the parent could assume a responsible position in the life of the child.
Based upon the evidence submitted, the court finds that the allegations of the petition have been proven by clear and convincing evidence as required by law. In addition to the foregoing, the court hereby makes the required statutory findings, by clear and convincing evidence.
Those findings are as follows:
1. The court finds that appropriate services were offered to the mother on a timely basis in order to facilitate her relationship and reunion with the minor child. The court finds that the mother has been offered case management services, If services through NEON; Community Health Services Outpatient Drug Program; Home Program; New Life Substance Abuse Program; Coventry House; My Sister's Place; CEPAS, and Mother's Retreat. In addition, and more recently, the respondent mother has been admitted to Amethyst House, a drug treatment program from which she was discharged for being verbally aggressive and intimidating toward another resident. Upon readmission, the respondent failed to return. The respondent mother CT Page 1070-b was also offered transportation for visits with the child and other services which would have or could have led to her assuming a responsible position in the life of the child.
2. The court finds that the Department of Children and Families has made a reasonable effort to reunify the family pursuant to the Federal Child Welfare Act of 1980, as amended. In support of their finding, the court takes judicial notice of the social study and addendum to the social study dated January 11, 2000 and May 18, 2000 respectively,
3. Findings regarding the terms of court orders and agreements by individual agencies and/or the parents. In this respect, the court notes that there has been a substantial and lengthy involvement between the respondent mother and the Department of Children and Families. She has been informed in a number of settings and manners her need to address her recurrent substance abuse problem, and her parenting skills. She has also been made aware of the inappropriateness of her housing situation and her transient lifestyle. She has made several commitments with substance abuse programs and treatment, and she has failed to follow through with those commitments or meaningfully address her substance abuse issues. She has failed to obtain housing, she has failed to consistently visit the child and otherwise take steps which would place her in a position to assume a responsible role in this child's life.
4. The court is required to make findings with regard to the feelings and emotional ties of the child with respect to her parents, any guardian of the child's person or any person who has exercised physical care custody and control of said child. The evidence produced in this hearing indicates that the child does not have any significant emotional tie to the mother. The child has been placed in foster care essentially since her birth. She was born with a positive screen for cocaine and a congenital heart defect8 The child was placed in a foster home initially, and then at the end of December, 1999, she was moved to a pre-adoptive home. The evidence would indicate that there is a complete absence of any emotional tie between the child and the respondent mother.
5. The child was born on December 1999.
6. The court finds that the respondent mother has made minimal efforts in order to adjust her circumstances, her conduct, and her conditions to make it in the best interest of the child to return to her care in the foreseeable future. The court notes that visitation between the mother CT Page 1070-c and the minor child has been sporadic, and has only taken place during the brief times that the respondent has managed to stay in a therapeutic situation. Aside from those times, the respondent mother has not made herself available for visitation. She has not made any financial contribution to the child's maintenance nor has she recognized the child on any special occasion such as holidays. She has failed to maintain contact with the department on a consistent basis. In summary, the respondent mother has not taken any step in order to address the issues which led initially to the child being removed from her care.
7. The court finds that the respondent mother has not been prevented from maintaining a relationship with this child. The court further finds that the economic circumstances of the respondent mother is not a factor in her ability or failure to establish a relationship with the child. In support of their finding, the evidence shows that the department has made numerous efforts to reunify the respondent with the child, and to offer services which would allow the respondent mother to address her underlying problems. There is no evidence to indicate that any of those services would impose a financial hardship upon the respondent. The evidence does indicate that the respondent voluntarily left or was unable to complete those programs. The evidence further indicates that the respondent has continued to engage in substance abuse, to maintain a transient lifestyle, and to be negatively involved in the criminal justice system.
In light of the foregoing, the court finds that it is in the best interest of the minor child for the court to terminate the parental rights of the respondent mother Tracey Denise W. The court does terminate such rights. The court hereby appoints the Commissioner of Children and Families as the statutory parent for the minor child.
Robaina, J.